Thomas Buchele, (CA Bar No. 129657)
Earthrise Law Center
Lewis & Clark Law School
10101 S Terwilliger Blvd.
Portland OR  97219-7799
Tel:  503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EARTH ISLAND INSTITUTE**, a non-profit corporation; **CENTER FOR BIOLOGICAL DIVERSITY**, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES FOREST SERVICE,** an agency of the United States Department of Agriculture; **MARGIE B. DEROSE**, Acting District Ranger, Mono Lake and Mammoth Ranger District, Inyo National Forest, in her official capacity,<br><br>Defendants. | No. 2:19-cv-1271<br><br><br>**PLAINTIFFS' LIMITED SUR-REPLY TO FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**I.    Introduction**

On September 4, 2020 the Parties requested that the Court allow the existing summary judgment briefing schedule to be stayed and modified to allow the Defendant U.S. Forest Service ("Forest Service") to complete a Supplemental Information Report ("SIR") regarding potential impacts from, and changes to, the Three Creeks Project (the "Project") that is at issue in this litigation because of a recent bark beetle outbreak in the Project area. After that SIR was completed, the Parties requested that they be allowed to address that SIR in Defendants' final summary judgment brief and in a new limited Sur-reply from Plaintiffs. *See* ECF No. 55. The Court granted this request, ECF No. 56. The Forest Service completed the SIR on or about October 19, 2020, and the Parties submitted it to the Court as part of their October 23, 2020 Joint Status Report. See ECF Nos. 57 and 57-1. The Defendants addressed that SIR in their final summary judgment reply brief. See ECF No. 58 at 2, n.1, 13-15, 20. Unfortunately, two of those references, on pages 2, n.1 and 20, attempt to improperly use the 2020 SIR as an extra-record, *post hoc* justification for the 2018 Forest Service decision currently at issue in this case.

When agreeing to this revised schedule, Plaintiffs specifically noted that they were "not conceding that using a[n] SIR to do this analysis is legally appropriate and reserve their rights to challenge the use of the SIR, the procedures used to prepare it and the SIR's contents in their sur-reply." ECF No. 55 at 2. After reviewing the actual SIR and Defendants' discussion of it in their reply brief, Plaintiffs' have in fact concluded that the SIR violates the National Environmental Policy Act ("NEPA") and its implementing regulations, 40 C.F.R. § 1509.2(c)(1) (2019), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(1) and/or 706(2)(A). However, the initial operative complaint for this litigation that was filed in 2019, ECF. No. 1, does not and could not have included claims against the 2020 SIR. Therefore, as Plaintiffs explain below, rather than addressing such currently unasserted claims in this limited Sur-reply, Plaintiffs will file a motion for leave to file an amended and supplemental complaint that includes two new, additional claims challenging the legality of the SIR, and, if the Court grants that motion, the parties can then address Plaintiffs' new claims against the SIR in additional, limited summary judgment briefing regarding only those two new claims. Plaintiffs

expect to file their motion along with their proposed First Amended and Supplemental Complaint on November 25, 2020.

## II.     Discussion

### a.  Supplemental NEPA Analysis and Supplemental Information Reports

NEPA's implementing regulations impose an affirmative obligation on federal agencies to supplement their NEPA analysis when there are substantial changes to a proposed action or significant new circumstances relevant to environmental concerns. 40 C.F.R. § 1502.9(c)(1) (2019).[1] Because the NEPA regulations do not create a procedure for determining when the legal obligation to supplement an existing NEPA analysis is triggered, the Ninth Circuit has approved the limited use of SIRs to make that determination. *See, e.g., Idaho Sporting Congress v. Alexander,* 222 F.3d 562, 565-567 (9th Cir. 2000).[2] However, the Ninth Circuit has also been clear that an SIR can only be used to make the threshold determination of whether a supplemental NEPA analysis is necessary. The SIR cannot correct errors in an existing NEPA document or make any required supplemental NEPA analysis. That can only occur in an actual supplemental EIS or supplemental EA. *Id.* at 566.

Plaintiffs have asserted in their original complaint, *see, e.g.,* ECF No. 1 at ¶¶ 77-119, and the parties have now fully briefed, multiple NEPA claims regarding the legality of the Forest Service's 2018 Decision Notice and Finding of No Significant Impact ("DN/FONSI") and the underlying 2018 EA. *See, e.g.* ECF Nos. 45, 52, 53, 58. That briefing was based on the existing amended administrative record for that 2018 DN/FONSI and EA. *See* ECF No. 26; *but see also*

---

[1] Plaintiffs are citing to the NEPA regulations in force when the NEPA analysis for the Project was begun and ultimately completed in 2018. Those regulations were revised this year with an effective date of September 14, 2020. *See* 40 C.F.R. § 1506.13 (2020). Those new regulations contain a substantively identical provision regarding required supplemental NEPA analysis. *See* 40 C.F.R. § 1502.9(d) (2020). The SIR itself cites to the 2020 regulation, see ECF No. 57-1 at 2. Defendants' Reply Brief cites to both the 2019 and 2020 regulation. See ECF No. 58 at 13, citing to 40 C.F.R. § 1502.9(c)(1)(ii) (the 2019 regulation), and at 14, citing to 40 C.F.R. § 1502.9(d)(i) (the 2020 regulation). Although Plaintiffs believe the controlling regulation is in fact 40 C.F.R. § 1502.9(c) (2019), because the old and new regulations impose exactly the same legal obligations this Court will likely never have to resolve this issue.

[2] The Ninth Circuit has also held that the duty to supplement applies to both an environmental impact statement ("EIS") and an environmental assessment ('EA'). *Idaho Sporting Congress,* 222 F.3d at 566 and n.2.

*infra* at 4, note 3 and 4 (addressing the Forest Service's improper use of the SIR as a post-hoc justification for the Project in their Reply Brief, ECF No. 58 at 2, n.1 and 20). Because the Forest Service's subsequent October 19, 2020 SIR cannot correct any errors in the 2018 EA and, in any case, is not a part of the amended administrative record for that 2018 EA, that SIR can have no affect on Plaintiffs' now fully briefed NEPA claims regarding the 2018 Forest Service decisions and NEPA analysis.

In its Reply Brief, filed after the SIR was completed, the Forest Service primarily simply discusses the SIR and does not use it to try and bolster any of its arguments regarding Plaintiffs' NEPA claims concerning the 2018 DN/FONSI and 2018 EA. *See* ECF No. 58 at 13-15. However, a few pages later in its Reply Brief, the Forest Service improperly cites to the SIR as supposedly "confirming" analysis in the 2018 EA. ECF No. 58 at 20.[3] This directly violates the Ninth Circuit's clear holding that SIRs cannot be used to support or correct the NEPA analysis in an earlier NEPA document. *See Idaho Sporting Congress,* 222 F.3d at 566. This is also an improper *post hoc* argument citing to evidence outside of the agency's own administrative record. *See* ECF No. 53 at 20, citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("[C]ourts may not accept . . . counsel's *post hoc* rationalizations for agency action.").[4]

An SIR can, however, give rise to separate NEPA claims regarding an agency's compliance with its mandatory obligations under 40 C.F.R. § 1502.9(c)(1) (2019). *See Native Ecosystems Council v. Tidwell*, 599 F.3d 926, 937 (9th Cir. 2005)(holding Forest Service decision in SIR to not supplement its NEPA analysis violated Section 1502.9(c)); *Idaho Sporting Congress*, 222 F.3d at 565 (a challenge to the substance of an SIR is a "serious question on the merits."). Plaintiffs here believe the Forest Service's October 19, 2020 SIR

---

[3] The Forest Service makes this same error early in their Reply Brief when they cite to the SIR and make essentially the same improper post-hoc justification for the Project in a footnote. *See* ECF No. 58 at 2, note 1.

[4] As the Forest Service itself noted, ECF No. 45 at 9, APA review is generally limited to the administrative record that was before the agency at the time of its decision. The SIR is both not a part of the amended administrative record before this Court, and it did not exist at the time the Forest Service made the decision at issue.

raises new, separate NEPA claims that they can and will assert in an amended and supplemental complaint.

### b. The October 19, 2020 SIR

The Forest Service's October 19, 2020 SIR is a ten-page document that addresses both changes to the Project and impacts to the Project area from the new circumstances caused by the bark beetle outbreak. ECF No. 57-1. The first page is in the form of a memorandum to the Forest Supervisor and is signed by the current District Ranger for the Project area. *Id.* at 1. In that "memorandum" the District Ranger decides, based on the attached nine pages of analysis, recommendations, and references, to drop two units from the project. *Id.* The District Ranger also decides that a "correction, supplement, or revision to the Environmental Assessment or decision is not necessary." *Id.* Plaintiffs believe that both the changes to the Project and the new circumstance addressed by the SIR in fact triggered the Forest Service's legal obligations to prepare a supplemental EA pursuant to 40 C.F.R. § 1502.9(c) (2019), and Plaintiffs therefore intend to allege new claims under NEPA and the APA challenging the legality of the SIR's decisions, conclusions, and analysis, and the Forest Service's failure to supplement its 2018 EA for the Three Creeks Project.

When an agency issues an SIR while claims to the underlying NEPA analysis are still pending, it is appropriate for the Plaintiff to amend or supplement its existing complaint to add any new claims it might have regarding the validity of the SIR to that ongoing litigation. *See, e.g.*, *Conservation Congress v. USFS,* 2020 WL 2770068, *1 (E.D. Cal. May 28, 2020) (plaintiff seeking to supplement the record after defendant created an SIR and plaintiff filed amended complaint challenging that SIR). Therefore, rather than address what Plaintiffs believe are the numerous legal problems with the SIR in this Sur-reply, Plaintiffs will file a motion for leave to file an amended and supplemental complaint that includes two new claims challenging the legality of the SIR under NEPA and the APA. This will allow these claims to be properly presented to the Court in a new superseding pleading and will allow the parties to properly address those claims based on an appropriate record. Plaintiffs hope to file their motion and proposed amended and supplemental complaint by tomorrow, November 25, 2020.

### III. Conclusion

For the reasons set forth above, rather than address the legal validity of the Forest Service's recent October 19, 2020 SIR in this Sur-reply, Plaintiffs will seek to raise its legal claims challenging the SIR in an amended and supplemental complaint and subsequently brief those two new claims based on the relevant record or other appropriate evidence related to and underlying that SIR.

Respectfully submitted this 24th day of November, 2020.

/s/ Thomas Buchele
Thomas Buchele (CA Bar No.129657)
Earthrise Law Center
Lewis & Clark Law School
10101 S Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
Email: tbuchele@lclark.edu

Attorney for Plaintiffs Center for Biological Diversity and Earth Island Institute.